**SEALED**

REDACTED COPY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

**FILED**

2009 SP 16 PM 1: 56

WESTERN DISTRICT OF TEXAS
U.S. CLERK'S OFFICE

BY:_____
DEPUTY

**SEALED**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | Cause No.: |
| | § | **INDICTMENT** |
| v. | § § | |
| | § | [COUNT ONE – Vio: 18 U.S.C. §§ |
| | § | 924(a)(1)(A) & 371: Conspiracy to |
| YBANA BEATRIZ GUERRERO, | § | Commit False Statements in Acquisition |
| SAN JUANITA MENDOZA, | § | of Firearms; COUNTS TWO |
| JESUS MENDOZA | § | THROUGH SIX: 18 U.S.C. § |
| | § | 924(a)(1)(A): Commit False Statement |
| | § | in Acquisition of Firearms.] |

**DR09CR1197**

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
[18 U.S.C. §§ 924(a)(1)(A) & 371]

Beginning on or about October 17, 2008, and continuing through on or about September 1, 2009, in the Western District of Texas, Defendants

YBANA BEATRIZ GUERRERO,
SAN JUANITA MENDOZA,
JESUS MENDOZA

did willfully, knowingly and unlawfully combine, conspire, confederate and agree together and with each other and others known and unknown to the grand jury, to make false statements in connection with the acquisition of firearms from federally licensed firearms dealers in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 371.

**MEANS AND METHODS OF THE CONSPIRACY**

The means and methods employed by Defendants to effect the object of the conspiracy were as follows:

1. It was part of the conspiracy that Ybana Beatriz Guerrero, San Juanita Mendoza, and Jesus Mendoza recruited Delfina Guardado, Francisco Guardado, Maria Isabel Guardado, Roxanna Mendoza, Evelyn Moreno, Maria Candelaria Ramirez, and Felipe De Jesus Ramirez to illegally purchase firearms for Ybana Beatriz Guerrero.

2. It was part of the conspiracy that the firearms would be illegally purchased by misrepresenting the identity of the true purchaser on the required form; a Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) form 4473, Firearms Transaction record.

3. It was part of the conspiracy that money for these purchases was provided by Ybana Beatriz Guerrero and San Juanita Mendoza to Delfina Guardado, Francisco Guardado, Maria Isabel Guardado, Roxanna Mendoza, Evelyn Moreno, Maria Candelaria Ramirez, and Felipe De Jesus Ramirez.

4. It was part of the conspiracy that Ybana Beatriz Guerrero and San Juanita Mendoza would instruct Delfina Guardado, Francisco Guardado, Maria Isabel Guardado, Roxanna Mendoza, Evelyn Moreno, Maria Candelaria Ramirez, and Felipe De Jesus Ramirez as to the particular make and model of firearm to purchase.

5. It was part of the conspiracy that once the firearms were purchased by Delfina Guardado, Francisco Guardado, Maria Isabel Guardado, Roxanna Mendoza, Evelyn Moreno, Maria Candelaria Ramirez, and Felipe De Jesus Ramirez, then San Juanita Mendoza and Ybana Beatriz Guerrero would take possession of the firearms.

6. It was part of the conspiracy that San Juanita Mendoza would pay Evelyn Moreno, Francisco Guardado, and Roxanna Mendoza for purchasing the firearms.

7. It was part of the conspiracy that Ybana Beatriz Guerrero would pay Maria Candelaria Ramirez and Felipe De Jesus Ramirez for purchasing the firearms.

## OVERT ACTS

As part and in furtherance of the conspiracy, overt acts were committed in the Western District of Texas including, but not limited to, the following:

1.      On or before October 17, 2008, defendants Ybana Beatriz Guerrero and San Juanita Mendoza asked Delfina Guardado if she would purchase a firearm for San Juanita Mendoza. Delfina Guardado agreed to do so.

2.      On or before October 17, 2008, San Juanita Mendoza provided money for Delfina Guardado to use to purchase a firearm.

3.      On or about October 17, 2008, Delfina Guardado went to Hesles Store #1 d/b/a Hesles Gun and Knives Store (hereinafter "Hesles"), 246 E. Main Street, Eagle Pass, Texas, a federally licensed firearms dealer, to purchase one pistol on behalf of San Juanita Mendoza. When purchasing the firearm, Delfina Guardado represented to the dealer that she was the true purchaser of the firearm when, in truth and in fact, Ybana Beatriz Guerrero was the true purchaser of the firearm.

4.      On or before December 1, 2008, Ybana Beatriz Guerrero asked Delfina Guardado if she was interested in purchasing an additional firearm for Ybana Beatriz Guerrero . Delfina Guardado agreed to do so.

5.      On or about December 1, 2008, Delfina Guardado went to Hesles, 246 E. Main Street, Eagle Pass, Texas, a federally licensed firearms dealer, to purchase one rifle on behalf of Ybana Beatriz Guerrero. When purchasing the firearm, Delfina Guardado represented to the dealer that she was the true purchaser of the firearm when, in truth and in fact, Ybana Beatriz Guerrero was the true purchaser of the firearm.

6.      On or before October 18, 2008, defendants Jesus Mendoza and San Juanita Mendoza asked Francisco Guardado if he would purchase a firearm for San Juanita Mendoza. Francisco Guardado

agreed to do so.

7.    On or before October 18, 2008, San Juanita Mendoza provided money for Francisco Guardado to use to purchase a firearm.

8.    On or about October 18, 2008, Francisco Guardado went to Hesles, 246 E. Main Street, Eagle Pass, Texas, a federally licensed firearms dealer, to purchase one pistol on behalf of San Juanita Mendoza.  When purchasing the firearm, Francisco Guardado represented to the dealer that he was the true purchaser of the firearm when, in truth and in fact, Ybana Beatriz Guerrero was the true purchaser of the firearm.

9.    On or before December 5, 2008, San Juanita Mendoza asked Francisco Guardado if he was interested in purchasing an additional firearm.  Francisco Guardado agreed to do so.

10.    On or about December 5, 2008, Francisco Guardado went to Hesles, 246 E. Main Street, Eagle Pass, Texas, a federally licensed firearms dealer, to purchase one pistol on behalf of San Juanita Mendoza.  When purchasing the firearm, Francisco Guardado represented to the dealer that he was the true purchaser of the firearm when, in truth and in fact, Ybana Beatriz Guerrero was the true purchaser of the firearm.  San Juanita Mendoza later paid Francisco Guardado $20 for purchasing the firearm.

11.    On or before October 18, 2008, defendant San Juanita Mendoza asked Roxanna Mendoza if she would purchase a firearm for San Juanita Mendoza.  Roxanna Mendoza agreed to do so.

12.    On or before October 18, 2008, San Juanita Mendoza provided money for Roxanna Mendoza to use to purchase a firearm.

13.    On or about October 18, 2008, Roxanna Mendoza went to Hesles, 246 E. Main Street, Eagle Pass, Texas, a federally licensed firearms dealer, to purchase one pistol on behalf of San Juanita Mendoza.  When purchasing the firearm, Roxanna Mendoza represented to the dealer that she was

the true purchaser of the firearm when, in truth and in fact, Ybana Beatriz Guerrero was the true purchaser of the firearm. San Juanita Mendoza later paid Roxanna Mendoza approximately $70 for purchasing the firearm.

14. On or before October 18, 2008, defendant Jesus Mendoza asked Evelyn Moreno if she would purchase a firearm for Jesus Mendoza, and in return Jesus Mendoza would pay Evelyn Moreno $100. Evelyn Moreno agreed to do so.

15. On or before October 18, 2008, San Juanita Mendoza provided money for Evelyn Moreno to use to purchase a firearm.

16. On or about October 18, 2008, Evelyn Moreno went to Hesles, 246 E. Main Street, Eagle Pass, Texas, a federally licensed firearms dealer, to purchase one pistol on behalf of Jesus Mendoza and San Juanita Mendoza. When purchasing the firearm, Evelyn Moreno represented to the dealer that she was the true purchaser of the firearm when, in truth and in fact, Ybana Beatriz Guerrero was the true purchaser of the firearm. San Juanita Mendoza later paid Evelyn Moreno $100 for purchasing the firearm.

17. On or before October 20, 2008, defendant Ybana Beatriz Guerrero asked Felipe De Jesus Ramirez if he would purchase a firearm for Ybana Beatriz Guerrero , and in return Ybana Beatriz Guerrero would pay Felipe De Jesus Ramirez $20. Felipe De Jesus Ramirez agreed to do so.

18. On or before October 18, 2008, Ybana Beatriz Guerrero provided money for Felipe De Jesus Ramirez to use to purchase a firearm.

19. On or about October 18, 2008, Felipe De Jesus Ramirez went to Hesles, 246 E. Main Street, Eagle Pass, Texas, a federally licensed firearms dealer, to purchase one pistol on behalf of Ybana Beatriz Guerrero . When purchasing the firearm, Felipe De Jesus Ramirez represented to the dealer that he was the true purchaser of the firearm when, in truth and in fact, Ybana Beatriz Guerrero was

the true purchaser of the firearm. Ybana Beatriz Guerrero later paid Felipe De Jesus Ramirez $20 for purchasing the firearm.

20. On or before October 20, 2008, defendant Ybana Beatriz Guerrero asked Maria Candelaria Ramirez if she would purchase a firearm for Ybana Beatriz Guerrero, and in return Ybana Beatriz Guerrero would pay Maria Candelaria Ramirez. Maria Candelaria Ramirez agreed to do so.

21. On or before October 20, 2008, Ybana Beatriz Guerrero provided money for Maria Candelaria Ramirez to use to purchase a firearm.

22. On or about October 20, 2008, Maria Candelaria Ramirez went to Hesles, 246 E. Main Street, Eagle Pass, Texas, a federally licensed firearms dealer, to purchase one pistol on behalf of Ybana Beatriz Guerrero. When purchasing the firearm, Maria Candelaria Ramirez represented to the dealer that she was the true purchaser of the firearm when, in truth and in fact, Ybana Beatriz Guerrero was the true purchaser of the firearm. Ybana Beatriz Guerrero later paid Maria Candelaria Ramirez $60 for purchasing the firearm.

23. On or before December 1, 2008, Ybana Beatriz Guerrero asked Maria Candelaria Ramirez if she was interested in purchasing an additional firearm for Ybana Beatriz Guerrero. Maria Candelaria Ramirez agreed to do so.

24. On or about December 1, 2008, Maria Candelaria Ramirez went to Hesles, 246 E. Main Street, Eagle Pass, Texas, a federally licensed firearms dealer, to purchase one pistol on behalf of Ybana Beatriz Guerrero. When purchasing the firearm, Maria Candelaria Ramirez represented to the dealer that she was the true purchaser of the firearm when, in truth and in fact, Ybana Beatriz Guerrero was the true purchaser of the firearm.

All in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 371.

## COUNT TWO
[18 U.S.C. § 924(a)(1)(A)]

That on or about September 1, 2008, in the Western District of Texas, Defendant,

YBANA BEATRIZ GUERRERO,

knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Hesles Store #1 d/b/a Hesles Gun and Knives Store, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that Defendant executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that she was the actual buyer of the firearm indicated on the form, when in fact she was not the actual buyer of the firearm, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT THREE
[18 U.S.C. § 924(a)(1)(A)]

That on or about September 21, 2008, in the Western District of Texas, Defendant,

YBANA BEATRIZ GUERRERO,

knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Hesles Store #1 d/b/a Hesles Gun and Knives Store, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that Defendant executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that she was the actual buyer of the firearm indicated on the form, when in fact she was not the actual buyer of the firearm, in violation of Title 18, United States Code, Section 924(a)(1)(A).

COUNT FOUR
[18 U.S.C. § 924(a)(1)(A)]

That on or about September 29, 2008, in the Western District of Texas, Defendant,

YBANA BEATRIZ GUERRERO,

knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Hesles Store #1 d/b/a Hesles Gun and Knives Store, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that Defendant executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that she was the actual buyer of the firearm indicated on the form, when in fact she was not the actual buyer of the firearm, in violation of Title 18, United States Code, Section 924(a)(1)(A).

COUNT FIVE
[18 U.S.C. § 924(a)(1)(A)]

That on or about October 17, 2008, in the Western District of Texas, Defendant,

YBANA BEATRIZ GUERRERO,

knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Hesles Store #1 d/b/a Hesles Gun and Knives Store, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that Defendant executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that she was the actual buyer of the firearm indicated on the form, when in fact she was not the actual buyer of the firearm, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT SIX
[18 U.S.C. § 924(a)(1)(A)]

That on or about November 3, 2008, in the Western District of Texas, Defendant,

**YBANA BEATRIZ GUERRERO,**

knowingly made a false statement and representation with respect to information required by the

provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Hesles Store

#1 d/b/a Hesles Gun and Knives Store, a business licensed under the provisions of Chapter 44 of

Title 18, United States Code, in that Defendant executed a Bureau of Alcohol, Tobacco, and

Firearms Form 4473, Firearms Transaction Record, representing that she was the actual buyer of the

firearm indicated on the form, when in fact she was not the actual buyer of the firearm, in violation

of Title 18, United States Code, Section 924(a)(1)(A).

A TRUE BILL.

JOHN E. MURPHY
Acting United States Attorney

By: _____
BENJAMIN D. SEAL
Assistant United States Attorney

SEALED:

UNSEALED: XX

# DR09CR1197

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

COUNTY: MAVERICK                USAO #:

DATE: September 16, 2009        MAG. CT. #:

AUSA: BENJAMIN D. SEAL

DEFENDANT: YBANA BEATRIZ GUERRERO

CITIZENSHIP: United States

INTERPRETER NEEDED: No       Language: English

DEFENSE ATTORNEY: Not Available

ADDRESS OF ATTORNEY: Not Available

DEFENDANT IS: FUGITIVE    DATE OF ARREST: N/A

BENCH WARRANT NEEDED:  YES

PROBATION OFFICER: N/A

NAME AND ADDRESS OF SURETY: N/A

YOUTH CORRECTIONS ACT APPLICABLE:  NO

PROSECUTION BY:  INDICTMENT.

OFFENSE: (Code & Description): Count 1- 18 U.S.C. § 924(a)(1)(A) & 371: Conspiracy to Commit False Statements in Acquisition of Firearms; Count 2-6 - 18 U.S.C. §924(a)(1)(A) Commit False Statement in Acquisition of Firearms.

OFFENSE IS A:  FELONY

MAXIMUM SENTENCE: For each count - 0-5 years imprisonment; up to $250,000 fine;  up to 3 years of supervised release.

PENALTY IS MANDATORY: YES & NO

REMARKS:  See above          W/DT-CR-3

SEALED:

UNSEALED: XX

# DR09CR1197

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

COUNTY: MAVERICK          USAO #:

DATE: September 16, 2009     MAG. CT. #:

AUSA: BENJAMIN D. SEAL

DEFENDANT: SAN JUANITA MENDOZA

CITIZENSHIP: United States

INTERPRETER NEEDED: No     Language: English

DEFENSE ATTORNEY: Not Available

ADDRESS OF ATTORNEY: Not Available

DEFENDANT IS: FUGITIVE    DATE OF ARREST: N/A

BENCH WARRANT NEEDED: YES

PROBATION OFFICER: N/A

NAME AND ADDRESS OF SURETY: N/A

YOUTH CORRECTIONS ACT APPLICABLE: NO

PROSECUTION BY: INDICTMENT.

OFFENSE: (Code & Description): Count 1 - 18 U.S.C. § 924(a)(1)(A) & 371: Conspiracy to Commit False Statements in Acquisition of Firearm.

OFFENSE IS A: FELONY

MAXIMUM SENTENCE: For each count - 0-5 years imprisonment; up to $250,000 fine; up to 3 years of supervised release.

PENALTY IS MANDATORY: YES & NO

REMARKS: See above          W/DT-CR-3

UNSEALED: XX

# DR09CR1197

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

COUNTY: <u>MAVERICK</u>          USAO #:

DATE: <u>September 16, 2009</u>          MAG. CT. #:

AUSA: <u>BENJAMIN D. SEAL</u>

DEFENDANT: <u>JESUS MENDOZA</u>

CITIZENSHIP: <u>United States</u>

INTERPRETER NEEDED: <u>No</u>          Language: <u>English</u>

DEFENSE ATTORNEY: <u>Not Available</u>

ADDRESS OF ATTORNEY: <u>Not Available</u>

DEFENDANT IS: <u>FUGITIVE</u>     DATE OF ARREST: <u>N/A</u>

BENCH WARRANT NEEDED: <u>YES</u>

PROBATION OFFICER: <u>N/A</u>

NAME AND ADDRESS OF SURETY: <u>N/A</u>

YOUTH CORRECTIONS ACT APPLICABLE: <u>NO</u>

PROSECUTION BY: <u>INDICTMENT</u>.

OFFENSE: (Code & Description): <u>Count 1 - 18 U.S.C. § 924(a)(1)(A) & 371: Conspiracy to Commit False Statements in Acquisition of Firearms.</u>

OFFENSE IS A: <u>FELONY</u>

MAXIMUM SENTENCE: <u>For each count - 0-5 years imprisonment; up to $250,000 fine; up to 3 years of supervised release.</u>

PENALTY IS MANDATORY: <u>YES & NO</u>

REMARKS: <u>See above</u>          W/DT-CR-3